# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-007750-RGK | Date | February 9, 2023 |
|---|---|---|---|
| Title | In Re: Yu Hua Long Investments, LLC, et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Matter to Bankruptcy Court**

On September 1, 2021, Teng Huang ("Appellant") appealed a bankruptcy court order that significantly reduced a claim he had filed in the bankruptcy proceeding. The bankruptcy court reduced the claim because it found that the debtor had not been unjustly enriched by Appellant, and rested its holding on an application of the "incidental benefit" doctrine.[1]

This Court affirmed the bankruptcy court's order on April 20, 2022. (ECF No. 25.) Appellant then appealed to the Ninth Circuit, which reversed and remanded. (ECF No. 28.) In its Memorandum, the Ninth Circuit found that the incidental benefit doctrine is inapplicable in this case because "the loan at issue . . . was secured to provide operating funds for [the debtor] and to pay off existing debts . . . . Even if [Appellant] acted in his own interest, the benefit conferred upon [debtor] was not merely *incidental*." (9th Cir. Mem. at 2–3.)

---

[1] The incidental benefit doctrine applies where "a person acts simply as she would have done in any event, out of duty or self-interest," so "she cannot equitably claim compensation from anyone who merely happens to benefit as a result." *Hartford Cas. Ins. Co. v. J.R. Mktg., LLC*, 353 P.3d 319, 327 (Cal. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-007750-RGK | Date | February 9, 2023 |
|---|---|---|---|
| Title | *In Re: Yu Hua Long Investments, LLC, et al.* | | |

On appeal, the appellees "suggested alternate grounds for affirmance" of the bankruptcy court's order, including that Appellant did not satisfy the *prima facie* requirements for an unjust enrichment claim, that the unjust enrichment claim was time-barred, or that Appellant was not the person (or entity) that conferred a benefit upon the debtor. (*Id.* at 3.) The Ninth Circuit declined to consider those arguments, which had not been fully developed in the bankruptcy court, due to their fact-intensive nature. (*Id.*) This Court similarly declines, for the same reasons.

Accordingly, the Court **REMANDS** the matter to the bankruptcy court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____